IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BASS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 23 C 330 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

In March 2016, Petitioner, Michael Bass, pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). In the plea agreement, he explicitly waived any right to collaterally attack his conviction or sentence. He was sentenced to 124 months' imprisonment and five years' supervised release on January 30, 2018. He now moves to vacate the sentence under 28 U.S.C. § 2255, the collateral-attack waiver notwithstanding, claiming that he is no longer subject to the firearm enhancement in § 924(e)(1) based on recent case law. Because he waived his right to assert any such claim, and because, in any event, the claim is untimely, the Court denies the petition.

**I. Background**

Facing a serious firearm charge arising out of a 2011 incident in which he broke into a home by firing a gunshot through a glass door, restrained the occupants, and stole valuables worth thousands of dollars, Petitioner entered into a plea agreement. He agreed to plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and he acknowledged that, having been convicted of burglary numerous times in Illinois courts, he was likely subject to a mandatory minimum sentence of fifteen years' imprisonment under the Armed Career Criminal

Act ("ACCA"), which enhances the sentence applicable to any felon in possession of a firearm who has been convicted on three prior occasions of a "violent felony," including "burglary." *See* 18 U.S.C. § 924(e). In recognition of his cooperation in other matters, the government agreed to move the Court under 18 U.S.C. § 3553(e) and section 5K1.1 of the United States Sentencing Guidelines[1] for a reduced sentence equal to 66 percent of the low end of the applicable guidelines range. According to the parties' "preliminary" calculations, which both parties reserved the right to revise, the low end of the applicable guidelines range was 188 months, which would make the agreed sentence 124 months. (Plea Agr. ¶¶ 10.d. & e., *United States v. Bass*, Case No. 16 CR 76 (N.D. Ill. Mar. 28, 2016, ECF No. 26).)

Petitioner also agreed to waive certain rights, including his right to collaterally attack his conviction or sentence, provided the government complied with its obligations under the plea agreement. The relevant provision of the plea agreement is as follows:

> [I]f the government makes a motion at sentencing for a downward departure pursuant to Guideline § 5Kl.1, defendant . . . waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

(Plea Agr. ¶ 22.)

---

[1] Under 18 U.S.C. § 3553(e), a sentencing court may "impose a sentence below a [mandatory statutory] minimum so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense . . . in accordance with the guidelines and policy statements issued by the Sentencing Comission." Section 5K1.1 of the guidelines confirms that a court may impose a reduced sentence based on a defendant's "substantial assistance in the investigation or prosecution of another person" and sets forth a number of factors courts may consider in determining an appropriate reduction, including "the government's evaluation of the assistance rendered."

In his sentencing memorandum, Petitioner objected to being treated for purposes of the guidelines calculations as an armed career criminal under ACCA, citing *Mathis v. United States*, 579 U.S. 500, 509 (2016) ("[A] state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense."). He argued that his prior Illinois convictions for residential burglary did not qualify as predicate offenses under ACCA because that crime was defined more broadly than the generic "burglary" listed in ACCA's definition of "violent felony." *See* 18 U.S.C. § 924(e)(2)(B)(2). The previously assigned judge did not agree. He applied the guidelines range as calculated in the plea agreement, accepted the agreed term of incarceration, and sentenced Petitioner to 124 months' imprisonment and five years' supervised release. Petitioner did not file a timely direct appeal. On January 4, 2023, he filed this § 2255 petition.

## II.  Legal Standards

Section 2255 allows a prisoner to move to vacate a sentence imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A prisoner is entitled to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "[R]elief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Hanson v. United States*, 941 F.3d 874, 876 (7th Cir. 2019) (internal quotation marks and citations omitted).

In the early stages of a § 2255 proceeding, the district court "must review the answer, any transcripts and records of prior proceedings" and any submitted materials "to determine whether an evidentiary hearing is warranted." Rule 8(a) of the Federal Rules for § 2255 Proceedings. If these materials "conclusively demonstrate[]" that the petitioner "is entitled to no relief," then the

3

judge "should dismiss the petition without a hearing." *Menzer v. United States*, 200 F.3d 1000, 1006 (7th Cir. 2000) (internal quotation marks omitted). "[S]ummary dismissal of section 2255 motions is encouraged in appropriate cases . . . [because] 'to allow indiscriminate hearings in federal post-conviction proceedings would eliminate the chief virtues of the justice system—speed, economy and finality.'" *United States v. Delgado*, 936 F.2d 303, 309 (7th Cir. 1991) (quoting *Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990)), *abrogated on other grounds by United States v. Thompson*, 944 F.2d 1331 (7th Cir. 1991).

**III.  Discussion**

Petitioner argues that he is entitled to resentencing because the Illinois Supreme Court has now confirmed, as the Seventh Circuit recognized in *United States v. Glispie*, 978 F.3d 502, 503 (7th Cir. 2020), that the *Mathis*-based argument his counsel made at sentencing is correct, and the elements of the Illinois crime of residential burglary *are* broader than the elements of the generic offense of "burglary," as the term is used in ACCA. *See generally Franklin v. Keyes*, 30 F.4th 634, 645 (7th Cir. 2022). The government responds that Petitioner's claim is procedurally barred both by the collateral-attack waiver in his plea agreement and the one-year statute of limitations set forth in § 2255(f). The Court agrees with the government that Petitioner cannot clear either of these procedural hurdles, so his § 2255 petition must be denied.

### A.  Waiver of Right to Collateral Attack

"A defendant may waive his right to challenge his sentence on collateral review through a plea agreement." *Plunkett v. Sproul*, 16 F.4th 248, 253 (7th Cir. 2021). Such a waiver is "generally enforce[able] . . . if its terms are express and unambiguous and the record shows that it was knowing and voluntary." *United States v. Bridgewater*, 995 F.3d 591, 595 (7th Cir. 2021). "A change in the law after a defendant pleads guilty does not change the voluntariness of the plea at

4

the time it was entered." *Grzegorczyk v. United States*, 997 F.3d 743, 748 (7th Cir. 2021). Indeed, "abundant case law" holds that appeal waivers do not lose their effect just because "the law changes in favor of the defendant after sentencing," *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005), and "there is no principled means of distinguishing a § 2255 waiver from a waiver of appeal rights," *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). The Seventh Circuit has enforced collateral-attack and appeal waivers against challenges to career offender designations, notwithstanding that the defendant may have failed to "anticipate subsequent legal developments" at the time he entered into the plea agreement. *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009); *see Plunkett*, 16 F.4th at 253-54; *Oliver v. United States*, 951 F.3d 841, 845-46 (7th Cir. 2020); *United States v. Crockett*, No. 20-3025, 2023 WL 3497875, at *4 (7th Cir. May 17, 2023); *see also Khoury v. Dunbar*, No. 21-CV-461, 2021 WL 5083557, at *3-4 (S.D. Ill. Nov. 2, 2021) (citing *United States v. Carson*, 855 F.3d 828, 831 (7th Cir. 2017), and *McGraw*, 571 F.3d at 631)).

Petitioner argues that permitting his sentence to survive *Glispie* is fundamentally unfair and represents an intolerable "miscarriage of justice" under *Narvaez v. United States*, 674 F.3d 621, 628-29 (7th Cir. 2011), in which the Seventh Circuit held that the petitioner was entitled to resentencing because "a post-conviction Supreme Court ruling made clear that [the petitioner] was not eligible for the categorization of violent offender wrongfully imposed upon him." However, *Narvaez* did not involve an appellate or collateral-attack waiver, and the Seventh Circuit has "declined to adopt a general miscarriage-of-justice exception to otherwise-valid waivers." *Cochrell v. Sproul*, No. 18-3645, 2021 WL 9507636, at *1 (7th Cir. Aug. 19, 2021) (rejecting the petitioner's *Narvaez*-based challenge to his career offender designation, citing *United States v. Nulf*, 978 F.3d 504, 507 (7th Cir. 2020), *Oliver*, 951 F.3d at 847, and *Carson*, 855 F.3d at 831, and

5

reasoning that, "[i]ndeed, one major purpose of a waiver is to allocate the risk of new developments in the law or facts").

Petitioner also argues that he is entitled to relief because, without the ACCA enhancement, his sentence exceeded the statutory maximum applicable to the crime of being a felon in possession of a firearm under § 922(g), which was ten years at the time of his sentencing. The Seventh Circuit rejected a similar argument in *Carson*, 855 F.3d at 831. There, the defendant pleaded guilty and received an ACCA-enhanced sentence predicated on prior convictions for robbery and armed robbery. Despite the appeal waiver in his plea agreement, he challenged the sentence on appeal, contending that none of the predicate convictions qualified as a "violent felony" under ACCA, citing *Johnson v. United States*, 559 U.S. 133 (2010). He argued that appeal waivers such as his "are unenforceable when [the] defendant contends his sentence exceeds the statutory maximum." *Carson*, 855 F.3d at 830. For this proposition, he cited *United States v. Gibson*, 356 F.3d 761, 765 (7th Cir. 2004), in which the Seventh Circuit vacated an agreed sentenced on appeal, the plea waiver notwithstanding, because the defendant had been sentenced to 262 months' imprisonment on a count for which the statutory maximum term of imprisonment was only sixty. But the Seventh Circuit had already explained in *United States v. Worthen*, 842 F.3d 552, 555 (7th Cir. 2016), that *Gibson* does not apply if correcting the alleged sentencing error requires "more than comparing the sentence that the statute allowed to the sentence actually imposed." "[I]n *Gibson*, no analysis was necessary to understand that the sentence imposed exceeded the statutory cap." *Carson*, 855 F.3d at 831. But "if the very argument raised in apparent violation of an appeal waiver must be decided on the merits in order to know whether the sentence is unlawful (and thus the waiver is unenforceable)," the Seventh Circuit reasoned, it "would 'eviscerate the right to waive an appeal'

6

by creating a rule 'that an appeal waiver is enforceable unless the appellant would succeed on the merits of his appeal.'" *Carson*, 855 F.3d at 831 (quoting *Worthen*, 842 F.3d at 555).

It might be argued that this case is actually more like *Gibson* than *Carson* or *Worthen* "because no analysis is needed to determine whether [Petitioner's] underlying convictions should count as predicate felonies under the ACCA. That work has already been done" in *Glispie*. *See Morris v. Williams*, No. 3:20-CV-572, 2022 WL 866140, at *5 (S.D. Ill. Mar. 23, 2022). But this Court interprets *Carson* and *Worthen* to mean that any analysis more complicated than comparing the length of the sentence to the number of years cited in the statute is enough to distinguish *Gibson*. Indeed, the Seventh Circuit itself has interpreted those cases in that way (albeit in an unpublished decision), explaining that *Carson* "confirmed that . . . the right to argue that the imposed sentence exceeds the statutory maximum" despite the existence of a plea waiver "preserves only a claim that the term of years imposed is greater than the number listed in the sentencing statutes (as in *Gibson*)—not a claim that certain sentencing statutes do not apply at all, given a proper interpretation of the statutes or the Constitution." *Wilson v. Garrido*, No. 19-2277, 2021 WL 9541089, at *2 (7th Cir. Aug. 20, 2021) (citing *Carson*, 855 F.3d at 831). This is because, although "later legal developments" may cause a criminal defendant "to regret . . . deci[ding] to stipulate that he was eligible to be sentenced under the ACCA, 'one major purpose of an express waiver is to account in advance for unpredicted future developments in the law.'" *Wilson*, 2021 WL 9541089, at *2 (quoting *Oliver*, 951 F.3d at 845).

Thus, this case is like *Carson*, *Wilson*, and *Cochrell*. By entering into a plea agreement in which he "bargained away his right" to challenge his sentence on collateral review in exchange for a below-guidelines sentence, Petitioner "assumed the risk of [later] legal development[s]." *See Crockett*, 2023 WL 3497875, at *1, *4 (citing *Oliver*, 951 F.3d at 844-45); *see id.* at *5 (citing

7

*Carson*, 855 F.3d at 831). The fact that he did not know that the *Glispie* decision was on the horizon does not mean that his plea agreement was not knowing and voluntary. *Crockett*, 2023 WL 3497875, at *3-4 (citing *Bownes*, 405 F.3d at 636, *Oliver*, 951 F.3d at 844-45, *United States v. Vela*, 740 F.3d 1150, 1152, 1154 (7th Cir. 2014), and *Gregorczyk*, 997 F.3d at 748).

The only exceptions to the collateral-attack waiver that the plea agreement cites are for involuntariness, ineffective assistance of counsel, or a change in the law that "has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission." (Plea Agr. ¶ 22.) The only one of these that Petitioner even purports to assert is involuntariness, but, as stated above, the Seventh Circuit has rejected the argument that a subsequent legal development destroys the voluntariness of a plea. Petitioner's collateral attack on his sentence is barred by the waiver provision in his plea agreement, so his § 2255 petition must be denied.

### B. Statute of Limitations

Even if the Court were to assume that the collateral-attack waiver is unenforceable for some reason, it would not help Petitioner because his petition is also time-barred. Section 2255 provides for a "1-year period of limitation" which runs "from the latest of--

> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Of course, Petitioner filed this petition almost five years after he was sentenced, so the petition is not timely under subsection (1). He does not cite any "governmental

8

action" that "imped[ed]" him from filing this petition, so subsection (2) does not apply. He does not cite any right newly recognized by the Supreme Court, so subsection (3) does not apply. Nor does he rely on any newly discovered facts that he could not have discovered in the exercise of due diligence, so subsection (4) does not apply.[2]

Instead of trying to fit his claim into one of these subsections, he argues that he is actually innocent of the crime for which he was sentenced because, under *Glispie*, his Illinois burglary convictions do not qualify as ACCA-predicate offenses. "A habeas petitioner who demonstrates actual innocence may overcome a procedural bar, such as the statute of limitations." *Lairy v. United States*, 142 F.4th 907, 913 (7th Cir. 2025). Here, the actual innocence gateway is unavailable to Petitioner for two reasons. "First, it is doubtful that a petitioner's actual innocence claim and claim for relief on the merits can be the same." *Lund v. United States*, 913 F.3d 665, 668 (7th Cir. 2019) (internal quotation marks omitted); *see United States v. Estell*, No. 23 CV 1251, 2024 WL 1719451, at *2 (N.D. Ill. Apr. 22, 2024). Second, and more importantly, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). As the Seventh Circuit has recently explained, an argument that the crimes on which an ACCA-enhanced sentence was predicated do not actually satisfy the requirements of ACCA "is one of legal, not factual innocence." *Lairy*, 142 F.4th at 913. Therefore, "the misclassification of

---

[2] Some petitioners have argued that the issuance of the *Glispie* decision is a "fact" that triggers § 2255(f)(4), but the Seventh Circuit has held, interpreting a similarly worded provision in 28 U.S.C. 2244(d), that "a court decision modifying substantive law does not constitute a factual predicate justifying a new one-year limitations period," and the Court is persuaded that the same logic should apply to the provision in § 2255(f)(4). *Maxfield v. United States*, No. 3:23-CV-02372-NJR, 2024 WL 4057556, at *3 (S.D. Ill. Sept. 5, 2024) (citing *Lo v. Endicott*, 506 F.3d 572, 575-76 (7th Cir. 2007)); *Pirtle v. United States*, No. 3:16-CV-3047, 2016 WL 3647836, at *2 (C.D. Ill. June 30, 2016). Nor is *Glispie* a United States Supreme Court decision, so it does not trigger § 2255(f)(3). *Maxfield*, 2024 WL 4057556, at *2. And even if *Glispie* did trigger either of those subsections, this petition was filed more than two years after *Glispie* was decided, long after the one-year limitations period would have expired.

9

a predicate offense for a sentencing enhancement" does not result in a claim of actual innocence. *Id.* at 915.

In reply, Petitioner also mentions *Franklin v. Keyes*, 30 F.4th at 642, which dealt with the so-called saving clause in § 2255(e). That clause permits federal prisoners to seek relief from their sentences via an application for habeas corpus under 28 U.S.C. § 2241 if "it appears that the remedy by motion [set forth in § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "To access § 2241, a prisoner must establish that a structural problem in § 2255 foreclosed even one round of effective collateral review, unrelated to his own mistakes." *Franklin*, 30 F.4th at 642 (cleaned up). In *Franklin*, the Seventh Circuit ruled that the petitioner could use the saving clause to file a habeas petition under § 2241 to challenge his sentence under *Mathis* based on the interpretation of that case in *Glispie*. The circumstances in *Franklin* were not identical to those facing Petitioner here, and the Court need not decide whether Petitioner can make use of the saving-clause gateway to collateral review in this case. This is because, if Petitioner wanted to travel that route, he needed to file this case in a different district. The only proper venue for a § 2241 habeas petition is the judicial district where the petitioner is imprisoned. *Webster v. Daniels*, 784 F.3d 1123, 1144 (7th Cir. 2015) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). At the time this petition was filed, Petitioner was imprisoned in Coleman, Florida; he has since moved to Marion, Illinois. Neither location is in this judicial district.

In other circumstances, the Court might consider transferring this case to the appropriate district for recharacterization as a § 2241 petition, but transfer is not warranted here. First, the saving clause does not permit Petitioner to circumvent the collateral-attack waiver in his plea agreement, which still bars his claim regardless of which statutory mechanism of collateral review

10

he invokes. Second, while the Court has "authority to transfer [this] action 'to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed,'" *United States v. Prevatte*, 300 F.3d 792, 799 n.3 (7th Cir. 2002) (quoting 28 U.S.C. § 631), transfer is only appropriate if it is "in the interest of justice." 28 U.S.C. § 631. If a party may, "on its own, refile its case in a proper forum, the interests of justice do not demand transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 133 (3d Cir. 2020) (cleaned up); *see Cote v. Wadel*, 796 F.2d 981, 984 (7th Cir. 1986). If the saving-clause gateway is available, it will be because Petitioner could not have properly brought this petition under § 2255 at any time, and that logic does not depend on whether the petition was filed in 2023 or 2025. Transfer is also not in the interest of justice because § 631 authorizes transfer only to a court "in which the action . . . could have been brought at the time it was filed." The only such court is in Florida, because that is where Petitioner was imprisoned at the time he filed the present petition. But he is no longer imprisoned there, and "the only proper venue" for any habeas petition under § 2241 is "the district where [the petitioner] is incarcerated." *Webster*, 784 F.3d at 1144. As stated above, Petitioner is now incarcerated in Marion, Illinois, which is in the Southern District of Illinois. This puts the Court in the strange position of having authority to transfer this case only to a venue where it could not properly be brought if filed today, and which has no present connection to Petitioner or this dispute. It is often said that transfer is likely to be in the interest of justice because "dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating,'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)), but in this case, transfer appears to be the option more likely to result in a waste of time and effort, as it would require litigation in a district in which neither Petitioner nor anyone else connected to the case is present. Therefore, the Court concludes that transfer is not in the

interest of justice and instead dismisses this case, without prejudice to filing a § 2241 petition in an appropriate forum. *See Washington v. United States*, 2000 U.S. App. LEXIS 29376, No. 99-2043, at *1 (7th Cir. Apr. 4, 2000).

Finally, Petitioner has also filed a "supplemental pleading motion" in which he claims that his conviction under § 922(g) is unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 70 (2022). There is no need to venture into whether this document was filed with any proper procedural basis because this Court has already thoroughly considered—and rejected—the argument that Petitioner makes here in *United States v. Bell*, No. 23 CR 311, 2023 WL 8475814 (N.D. Ill. Dec. 7, 2023).

For all the foregoing reasons, the § 2255 petition is denied. Petitioner is advised that this is a final decision ending his case in this Court. If Petitioner wishes to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B)(i). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Petitioner wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. See Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. See Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. See Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until

12

the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. See Fed. R. App. P. 4(a)(4)(A)(vi).

Because the Court concludes that Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment of his constitutional claims debatable. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).[3] Rule 11(a) of the Rules for Section 2255 Proceedings provides that a party "may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

---

[3] To be sure, Petitioner has raised one significant debatable issue, namely, whether the collateral-attack waiver in his plea agreement bars him from seeking resentencing on the ground that *Glispie* confirms he should not have been sentenced as an armed career criminal under ACCA. That this is an issue over which reasonable jurists could disagree is proven by this decision, which differs from the perfectly reasonable decision on the same issue in *Morris v. Williams*, 2022 WL 866140, at *1. But making a substantial showing on one debatable issue is not enough to obtain a certificate of appealability, if the petitioner would have to prevail on other issues to obtain relief. *See United States v. Ratliff*, 719 F.3d 422, 424 (5th Cir. 2013) (explaining that a certificate of appealability "may issue with respect to [a] claim only if the defendant makes a substantial showing as to each element" of the claim); *Kaminski v. United States*, 339 F.3d 84, 85 n.1 (2d Cir. 2003) (explaining that certificate of appealability must encompass all of "the issues raised by the district court's alternative rulings"); *Phelps v. Alameda*, 366 F.3d 722, 729 (9th Cir. 2004) (explaining that, because Petitioner "failed to seek certification of the district court's alternative holding," the appellate court could not provide "any effectual relief whatever," no matter how it ruled on the issue that was before it (internal quotation marks omitted)); *see also Prystash v. Davis*, 854 F.3d 830, 841 (5th Cir. 2017) (citing these cases). Even if the waiver does not bar his petition, Petitioner is not entitled to relief under § 2255 because his petition is not timely, and the Court cannot recharacterize his petition under § 2241 because he is not incarcerated in this district. These issues are not debatable, so a certificate of appealability is not appropriate here.

**CONCLUSION**

Petitioner's motion [1] to vacate sentence is denied without a hearing, and this case is dismissed. Petitioner's supplemental motion [13] is denied. The Court declines to issue a certificate of appealability. Judgment shall enter in favor of the United States and against Petitioner. Civil case terminated.

**SO ORDERED.**                                                              ENTERED:  October 6, 2025

**JORGE L. ALONSO**
**United States District Judge**